IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

8:26-cv-1249-MSS-AEP

AMANDA S. CLARK,

     Plaintiff,

v.

AMAZON.COM SERVICES, LLC,

     Defendant.

Case No.: _____

APR 29 2026 AH9:47
FILED - USDC - FLMD - TPA

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**ADA Disability Discrimination,**

**Failure to Accommodate,**

**Retaliation, and FMLA Interference**

**JURY TRIAL DEMANDED**

**INTRODUCTION**

This is an action for disability discrimination, failure to accommodate, retaliation, and interference with protected leave rights against Defendant Amazon.com Services, LLC.

Plaintiff Amanda S. Clark is a disabled former Amazon warehouse employee who sustained a severe work-related injury in April 2022, underwent multiple authorized surgical procedures, and developed Complex Regional Pain Syndrome Type 2 and related neurological and psychological conditions.

Plaintiff's conditions substantially limit major life activities and qualify as disabilities under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

Defendant had continuous and direct knowledge of Plaintiff's disability through its own workers' compensation process, medical documentation, and its approval of long-term disability benefits.

IFP

Despite this knowledge, Defendant failed to engage in a good-faith interactive process, imposed excessive and unlawful documentation requirements, interfered with Plaintiff's protected leave rights, and terminated Plaintiff on October 13, 2025.

At all relevant times, Plaintiff was able to perform the essential functions of available work with reasonable accommodation, including extended medical leave, modified duty, or reassignment.

Defendant's conduct constitutes unlawful discrimination, retaliation, and interference in violation of federal law.

Defendant's actions were not the result of mistake or administrative oversight, but part of a pattern of conduct demonstrating deliberate indifference to Plaintiff's federally protected rights.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117, and 29 U.S.C. § 2617.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Hillsborough County, Florida.

## PARTIES

Plaintiff Amanda S. Clark is an individual residing in Tampa, Florida.

At all relevant times, Plaintiff was an employee within the meaning of the ADA and FMLA and a qualified individual with a disability.

Defendant Amazon.com Services, LLC is a foreign limited liability company authorized to do business in Florida and is an employer within the meaning of the ADA and FMLA.

Defendant maintains operations and employs personnel in Hillsborough County, Florida.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 511-2026-00257.

The EEOC issued a Notice of Right to Sue dated February 4, 2026.

This action is filed within ninety (90) days of Plaintiff's receipt of that Notice.

All administrative prerequisites to suit have been satisfied.

## FACTUAL ALLEGATIONS

### A. Disability and Medical Background

In April 2022, Plaintiff sustained a work-related injury while performing her job duties.

The injury required multiple authorized surgical procedures and ongoing treatment.

Following treatment, Plaintiff developed Complex Regional Pain Syndrome Type 2, along with related neurological and psychological conditions.

These conditions substantially limit major life activities including working, lifting, using her hands, sleeping, and concentrating.

Plaintiff's disability has been continuously documented by treating physicians.

Plaintiff has an active Social Security Disability Insurance claim pending based on these conditions.

**B. Defendant's Knowledge**

Defendant had actual and continuous knowledge of Plaintiff's disability.

Defendant initiated and participated in the workers' compensation process.

Defendant approved Plaintiff for long-term disability benefits.

Plaintiff repeatedly submitted medical certifications confirming her disability and limitations.

Plaintiff began medical leave in or about May 2023.

C. Failure to Accommodate

Plaintiff requested reasonable accommodations including extended leave, modified duty, and reassignment.

Defendant failed to engage in a good-faith interactive process.

Defendant imposed excessive and duplicative documentation requirements.

Defendant failed to provide any effective accommodation.

Reasonable accommodations existed and would not have imposed undue hardship.

Defendant failed to engage in the interactive process in good faith and instead imposed barriers that prevented identification and implementation of reasonable accommodations.

D. FMLA Interference

Plaintiff was eligible for FMLA leave.

Plaintiff worked more than 1,250 hours in the 12 months preceding her leave and had been employed for at least 12 months.

Plaintiff provided sufficient medical certification supporting her need for leave.

Defendant interfered with, restrained, and denied Plaintiff's exercise of FMLA rights.

Defendant incorrectly asserted that workers' compensation precluded FMLA eligibility.

Defendant's conduct discouraged and prevented Plaintiff from exercising her rights under the FMLA.

E. Pretext and Discriminatory Conduct

Defendant relied on surveillance and selectively interpreted information to question Plaintiff's disability.

Such reliance was pretextual and inconsistent with medical documentation and Defendant's own benefit determinations.

Defendant's conduct supports an inference of discriminatory and retaliatory intent.

Defendant's stated reasons for its actions were not the true reasons, but were a pretext for discrimination and retaliation.

F. Termination

On October 13, 2025, Defendant terminated Plaintiff.

At the time of termination, Plaintiff remained disabled and had provided continuous documentation.

The termination occurred after Plaintiff engaged in protected activity.

Defendant's stated reasons for termination were inconsistent and support an inference of discriminatory and retaliatory intent.

Plaintiff's disability and protected activity were motivating factors in Defendant's decision to terminate her employment.


## COUNT I – ADA DISABILITY DISCRIMINATION
(42 U.S.C. § 12112)


Plaintiff realleges and incorporates paragraphs 1–50.

Plaintiff is a qualified individual with a disability.

Plaintiff could perform essential functions with reasonable accommodation.

Defendant knew of Plaintiff's disability.

Defendant subjected Plaintiff to adverse employment action, including termination, because of her disability.

These adverse actions included, but were not limited to, denial of accommodation, excessive documentation requirements, interference with leave, and termination.

## COUNT II – FAILURE TO ACCOMMODATE
(42 U.S.C. § 12112(b)(5))

Plaintiff realleges and incorporates paragraphs 1–50.

Plaintiff requested reasonable accommodations.

Defendant failed to engage in the interactive process.

Defendant failed to provide reasonable accommodations.

Reasonable accommodations were available and would not have imposed an undue hardship on Defendant.

## COUNT III – RETALIATION
(42 U.S.C. § 12203)

Plaintiff realleges and incorporates paragraphs 1–50.

Plaintiff engaged in protected activity.

Defendant took adverse action against Plaintiff.

A causal connection exists between the protected activity and adverse action.

Defendant's actions would deter a reasonable employee from engaging in protected activity.

## COUNT IV – FMLA INTERFERENCE
(29 U.S.C. § 2615)

Plaintiff realleges and incorporates preceding paragraphs.

Plaintiff was entitled to FMLA protections and provided sufficient medical certification.

Defendant interfered with, restrained, and denied Plaintiff's exercise of FMLA rights.

Defendant's interference proximately caused Plaintiff harm, including loss of employment and benefits.

## DAMAGES

As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

a. Lost wages and employment benefits;

b. Loss of employment;

c. Loss of future earning potential;

d. Emotional distress and mental anguish;

e. Medical and financial hardship.

Defendant acted with reckless disregard for Plaintiff's federally protected rights.

Plaintiff is entitled to all remedies available under federal law, including equitable relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests:

A. Back pay;

B. Front pay;

C. Reinstatement or, in the alternative, front pay;

D. Compensatory damages;

E. Punitive damages;

F. Costs and attorneys' fees;

G. Any further relief deemed appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Respectfully submitted,

Date: April 26, 2026

*Amanda S. Clark*

Amanda S. Clark

Plaintiff, Pro Se

15447 Plantation Oaks Drive, Apt. 2

Tampa, Florida 33647

813-470-9763

Aclark0322@outlook.com